UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                No. 07-20208

vs.                                    Hon. Gerald E. Rosen

STEPHEN LEE BOWERS,

                Defendant.
_____/

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE OR EXPANSION OF JURY POOL

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    June 16, 2008

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

### I. INTRODUCTION

Defendant Stephen Bowers is charged in a two-count indictment with sexual exploitation of children and possession of child pornography. Through counsel, Bowers has moved for a change of venue or, in the alternative, for an expansion of the jury pool. Specifically, Bowers requests that he be tried in the Northern Division or that the jury pool for his impending trial be expanded to include jurors from the Northern Division.

Bowers maintains that he is entitled to a trial by a jury from the venue in which his alleged crime took place. Because the Government's theory is that the pornographic

1

pictures Bowers is charged with possessing were taken in a trailer he owns which is located in Sebewaing, Michigan, and because Sebewaing is in the Northern Division of this District, he contends that he should be tried in the Northern Division or by jurors from the Northern Division.. The Government has responded and opposes Bowers' request.

The Court has reviewed and considered the parties' briefs and the entire record of this matter, and for the following reasons, will deny Defendant's motion.

## II. DISCUSSION

The Sixth Amendment of the United States Constitution provides in relevant part that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. amend. VI. Similarly, Fed. R. Crim. P. 18 requires that a defendant's trial take place in the district where the crime was committed. As the Sixth Circuit has recognized, however, "there is no constitutional or statutory requirement that a defendant's trial take place in a specific courtroom or division within a federal judicial district." *United States v. Erwin*, 155 F.3d 818, 824 (6th Cir. 1998) (*en banc*).

*Erwin* involved the precise issue presented in this case. There the defendant was charged in a multi-count indictment with some of the counts arising out of activities which occurred in the Northern Division of the Eastern District of Michigan and some of

2

the counts arising out of activities which occurred in the Southern Division. The defendant was indicted and arraigned in the Northern Division. After unsuccessfully moving in the district court to transfer venue, Erwin entered a conditional plea of guilty, preserving for appeal the issue of assignment of his case to the Northern Division.[1] The Sixth Circuit rejected Erwin's arguments and affirmed the district court's denial of the motion to transfer venue. 155 F.3d at 825. The appellate court reasoned that because Erwin was charged with offenses that occurred both in Livingston County, in the Southern Division, and in Saginaw County, which is in the Northern Division, in the absence of evidence of prejudice, Erwin could have been prosecuted in either division. *Id.* at 824-25. This is consistent with the general district assignment rule that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); *United States v. Zidell*, 323 F.3d 412, 422 (6th Cir. 2003) (venue for prosecution of drug trafficking offense held proper in the Western District of Tennessee even though the drug trafficking originated in Texas because "the offense continued into" Tennessee).

In this case, there is no dispute that Count II of the indictment charges Bowers with a crime that took place in Inkster, Michigan which is in the Southern Division. It

---

[1] Erwin also preserved for appellate review the district court's denial of his motion to suppress evidence.

was in Inkster that Bowers was found in possession of the child pornography. As *Erwin* demonstrates and *Zidell* confirms, that the pornographic photos of the children may have been taken in the Northern Division does not render venue in the Southern Division improper.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Change of Venue or Expansion of Jury Pool **[Dkt. # 39]** is DENIED.

s/Gerald E. Rosen
United States District Judge

Dated: June 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 16, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager