UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN LEE BOWERS,

    Petitioner,

vs.

                                      Civil No. 11-cv-12449
                                      Criminal No. 07-cr-20208
                                      Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
§ 2255 MOTION TO VACATE CONVICTION AND SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on October 01, 2014

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Judge

I. INTRODUCTION

      This matter is presently before the Court on Petitioner Stephen Lee Bowers' §2255 Motion to Vacate, Set Aside, or Correct Judgment. The Government has responded to Petitioner Bowers' Motion and Petitioner has replied. Having reviewed and considered Petitioner's brief, the Government's response, Petitioner's "Traverse," and the entire record of this matter, the Court finds that a hearing is unnecessary. Therefore, in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings and Local

Rules 7.1(f)(1) and (2), Petitioner's motion is decided "on the briefs." This Opinion and Order sets forth the Court's holding.

## II. BACKGROUND

Petitioner Stephen Lee Bowers was indicted by a federal grand jury on charges of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The charges stemmed from a photograph album containing photos depicting sexually explicit conduct involving Mr. Bowers and minor children which was found in Bowers' bedroom by his housemate. Additional pornographic photos of children were found by law enforcement personnel during a secondary search conducted pursuant to a federal search warrant. Bowers was subsequently tried before a jury and after a two-day trial in June 2008, Bowers was convicted on all charges.

A sentencing hearing was held on October 23, 2008. After hearing the arguments of counsel, the Court granted a downward departure from the sentencing guideline range. On October 30, 2008, Bowers was sentenced to a period of incarceration of 240 months on the sexual exploitation of children charge and 120 months of incarceration for possession of child pornography, with 60 of those months to be concurrent with the first sentence and 60 months to be consecutive, for a total term of incarceration of 300 months, or twenty-five years.

Bowers subsequently appealed his conviction to the Sixth Circuit Court of Appeals, raising two grounds for his appeal: (1) that the private-citizen invasion of his room by his housemate was a violation of the Fourth Amendment as his housemate was

acting as an instrument or agent of the government; and (2) that the nexus to interstate commerce relied upon by the trial court was too attenuated to confer federal jurisdiction.[1]

The appellate court rejected Bowers' arguments, and on February 8, 2010 affirmed Bower's conviction and sentence. Bowers subsequently filed a petition for a writ of *certiorari* with the United States Supreme Court. The petition was denied on October 4, 2010. Bowers thereafter timely filed the instant Motion to Vacate, Set Aside, or Correct Judgment on June 10, 2011.

In this Motion, Bowers raises three claims: (1) that he was not afforded effective assistance of counsel during the plea process; (2) that the cumulative impact of multiple deficiencies or errors by counsel during the pretrial, plea, trial, sentencing and direct appeal process demonstrates the ineffectiveness of his trial and appellate counsel; and (3) Petitioner's conviction and sentence are violative of the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments.

### III.   DISCUSSION

A. PETITIONER HAS NOT DEMONSTRATED THAT HE WAS AFFORDED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

To establish that he was denied effective assistance of counsel under federal constitutional standards, Petitioner Bowers must satisfy a two-pronged test and overcome the strong presumption that counsel's conduct did not fall below the range of reasonable assistance. The United States Supreme Court first set forth this two-pronged test in

---

[1]   Both of these issues were raised by Bowers in pre-trial motions which were denied by the Court.  *See* Dkt. Nos. 13, 14; 30, 31.

*Strickland v. Washington*, 466 U.S. 668, 689 (1984). First, Petitioner must show that counsel's performance was deficient by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. To do so, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. Second, Petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.* In order to show prejudice, Petitioner must show that there is a reasonable probability that, absent his counsel's errors, the result of the proceeding would have been different, and the factfinder would have had a reasonable doubt respecting guilt. *Id.* at 695. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. Counsel's errors must have been so great that they deprived the petitioner of a fair trial. *Id.* at 687.

The two-pronged test, however, need not be satisfied in order of the prongs. If Petitioner "makes an insufficient showing" on one of the prongs, the Court need not consider both components of the inquiry. *Id.* at 697. In cases where "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*.

A reviewing court's scrutiny of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong v. Money*, 143 F.3d 313, 319 (6th Cir. 1998); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997), *cert.*

*denied*, 523 U.S. 1088 (1998). The petitioner must overcome the presumption that the challenged actions might be considered sound trial strategy under the circumstances. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). "Strategic choices made after investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.C. at 690. "Judicial scrutiny of a counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

A convicted defendant making a claim of ineffective assistance must, as an initial matter, *identify the acts or omissions* of counsel that are alleged not to have been the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690 (emphasis added). A criminal defendant is "not entitled to the most canny lawyer available, only an adequate one." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Simply alleging that an attorney's performance was inadequate is not enough to warrant relief. "[T]he threshold issue is not whether [Petitioner's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *Id.* at 229 (emphasis in original). "Counsel is only constitutionally ineffective if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *Id.* Surmounting *Strickland's* high bar is never an easy task. *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1408 (2011). The Court concludes that Petitioner Bowers has failed to make this requisite showing.

5

1. <u>Plea Negotiation</u>

*Strickland* applies to claims of ineffective assistance of counsel during plea negotiations. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). In the plea negotiation context, a petitioner must "prove that (1) counsel rendered constitutionally deficient performance, and (2) there is a reasonable probability that but for counsel's deficient performance, the petitioner would have pled guilty." *Humphress*, 398 F.3d at 859. In order to show prejudice in rejecting a plea bargain, the petitioner must show that but for the conduct of Petitioner's attorney "there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms, would have been *less severe* than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, ___ U.S ___, 132 S. Ct. 1376, 1380 (2012) (emphasis added).

Petitioner alleges that his counsel was ineffective before trial and during the plea process because his counsel:

(1) advised him to stand trial without fully advising him of the facts, circumstances, pleadings and laws;

(2) did not seriously investigate, explore, or attempt to negotiate a favorable plea agreement to which Petitioner could plead *nolo contendere* and still obtain a 10 year maximum sentence;

(3) did not advise him of his ability to plead *nolo contendere* during the process and the ramifications of such a plea;

(4) did not advise him that he would likely not prevail on direct appeal;

6

(5) did not advise him that if he were to proceed to trial, he had a 1 in 8 chance of receiving a verdict of not guilty; and

(6) affirmatively misadvised him that he would win his case upon direct appeal.

With respect to claims 1, 3, 4, 5, and 6, Bowers has failed to come forward with any evidence of the ineffective assistance of his counsel. The burden to "show that counsel's performance was deficient" rests squarely on the defendant. *Burt v. Titlow*, __ U.S. ___, 134 S. Ct. 10, 17 (2013). Because Petitioner has failed to present sufficient evidence from which to determine whether there was a failure of counsel on the part of Bowers' attorney and whether that failure constituted ineffective assistance of counsel, claims 1, 3, 4, 5, and 6 are denied.

With regard to claim 2, Bowers alleges that a plea agreement was available wherein Petitioner could have limited his maximum sentence to ten years with a plea of no contest. However, Bowers provides no evidence to support this assertion. Moreover, in declarations from Petitioner's counsel and the Assistant U.S. Attorney, made under penalty of perjury, defense counsel and the prosecutor affirm that no such plea bargain existed, nor was one ever contemplated. Thus, while a defense attorney's failure to notify his client of a prosecutor's plea offer can constitute ineffective assistance of counsel under the Sixth Amendment and will satisfy the first element of the *Strickland* test, *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003), in this case, *a no lo contendere* plea was never offered or suggested. Preliminary negotiations for a plea bargain had occurred, but a *no lo* plea was never contemplated. Furthermore, such a plea would not have lowered the applicable sentencing guideline range, which was anticipated

7

to be 292-365 months if Mr. Bowers pled guilty. Moreover, Bowers was facing a mandatory *minimum* sentence of ten years for violation of 18 U.S.C. § 2251(a), alone. Bowers was charged with two separate crimes, sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), and the separate crime of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). According to the Assistant U.S. Attorney who prosecuted the case, due to the nature of the crime committed by Mr. Bowers, the weight of the evidence against him, and the anticipated sentencing guideline range, a plea offer that contemplated a ten-year maximum sentence was never discussed or offered by the United States. [*See* Feller Declaration, ¶ 3.]

Notwithstanding the Declarations of Petitioner's counsel and the Assistant U.S. Attorney, Petitioner seems to believe that a plea agreement existed that would grant him a sentence of only ten years in prison. However, evidence indicating that such a plea agreement existed, could have existed or would have been accepted by this Court, is entirely lacking.

With regard to the verbal "plea" offer allegedly proposed by the Assistant United States Attorney, the only "plea" terms that were ever discussed would have encompassed a plea of guilty not one of "no contest," and the terms discussed were for an unreduced sentence, i.e., a sentence at the top of the anticipated guideline range, which the government calculated to be 292 - 365 months if Bowers were to plead guilty, and 360 months to life if he proceeded to trial. [*See* Gerometta Declaration, ¶ 4.] The only sentencing term discussed was to allow Bowers to disagree with the government's anticipated range if he agreed to a "straight" plea. *Id*. No 10-year sentence was ever

8

offered or contemplated. And, again no written plea offer was ever promulgated by the Assistant U.S. Attorney.

The sentence that Petitioner received after trial was 300 months in prison, representing a downward departure from the sentencing guidelines. In light of the post-trial downward departure granted by the Court, even if the verbal plea discussion had been reduced to writing and formally offered, the sentence Bowers would have received in exchange for such a plea would not have been be less severe than the sentence and conviction Petitioner received. Therefore, pursuant to *Lafler*, Petitioner cannot show that there was a prejudicial impact from any supposed ineffective assistance of counsel with respect to plea negotiations. Therefore, claim 2 is denied.

   2. <u>Trial Conduct</u>

Bowers also alleges ineffective assistance of counsel based on the conduct of his attorney during trial. Specifically, Bowers claims that counsel:

(1) Failed to investigate or present available, material, exculpatory evidence and testimony at trial and failed to timely object to the unlawful admission of evidence;

(2) Failed to timely request appropriate jury instructions and failed to object to "improper argument" by the prosecution;

(3) Labored under a conflict of interest; and

(4) Failed to present the strongest issues available for his appeal and preserve issues for collateral review.

With regard to these claims, Petitioner again fails to provide any evidence of the actions of his attorney giving rise to these claims of ineffectiveness. A claim of

9

ineffective assistance of counsel must be "supported by objective evidence, not merely by a movant's own self-serving testimony." *Jennings v. United States*, 461 F. Supp. 2d 818, 824 (S.D. Ill. 2006). Bowers has failed to show any objective evidence, or even state with any degree of specificity, the conduct of his attorney that was unprofessional and prejudicial. Bowers does not identify what evidence or testimony his counsel allegedly failed to present, does not identify any specific jury instructions that were given in error, or identify any instructions that his counsel failed to request, and does not identify any issues that his counsel failed to investigate, present, or preserve. Bowers also claims that his counsel "labored under an actual conflict of interest" because they "owed a 'duty' other than to Mr. Bowers," but as with his other allegation, he fails to identify to whom his attorneys allegedly owed a duty.

The Supreme Court has stated time and again, a defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. Bowers has failed to identify any acts or omissions by his trial counsel which rise to the level of "outside the wide range of professionally competent assistance." *Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006). Furthermore, given the weight of the evidence against Bowers, the few errors alleged by Bowers in no way prejudiced his case. Therefore, Bowers' claims of ineffectiveness of counsel during trial are denied.

    3. <u>Sentencing</u>

Bowers also alleges that his attorney failed to present evidence and legal authority to the Court with regard to his sentencing. Specifically, Bowers claims that his counsel

failed to present evidence of his head injury and the mental disorders associated with his head injury, which might have been used as mitigating factors in his sentencing.

Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because "any amount of [additional] jail time has Sixth Amendment significance." *Lafler,* 132 S. Ct. at 1386 (internal citations omitted). While Bowers' allegations with regard to sentencing and his mental condition are presented with a greater degree of specificity than his other claims of ineffectiveness of his counsel, Petitioner fails to acknowledge that his counsel actually <u>did</u> present evidence of Bowers' head trauma and his need for psychiatric medication. In fact, it was precisely that evidence that resulted in a downward deviation from the sentencing guidelines. Furthermore, when pronouncing the sentence for Bowers, the Court specifically stated that Petitioner was in need of a therapeutic setting. Bowers' injury and mental health issues were adequately presented to the Court. Bowers does not indicate any other evidence that counsel failed to present in order to mitigate his sentence, or explain how that evidence would be used to further mitigate his sentence. Therefore, his ineffective assistance of counsel claim with respect to his sentencing is denied.

  4. <u>Cumulative Impact of Errors</u>

Petitioner further alleges, without any showing of a specific error which caused him prejudice, that the cumulative impact of counsel's alleged errors or deficiencies during the pretrial, plea, trial, sentencing, and direct appeal process caused prejudice in his case. The Court must consider the cumulative effect of the alleged errors, since

11

"[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair." *United States v. Hughes*, 505 F.3d 578, 597 (6th Cir. 2007). Thus, examining an ineffective assistance of counsel claim requires the court to consider "the combined effect of all acts of counsel found to be constitutionally deficient, in light of the totality of the evidence in the case." *Lundgren*, 440 F.3d at 770.

In the present case, Petitioner's allegations of error "pale into relative insignificance" given the weight of the evidence against him. *Lundy v. Campbell*, 888 F.2d 467, 481 (6th Cir. 1989). Accordingly, this Court concludes that the cumulative effect of any errors in the trial court did not deny Petitioner a fair trial. Therefore, Petitioner's cumulative effect claim is denied.

Finally, Bowers also states that his conviction and sentence are violative of the First, Second, Fourth, Fifth, Sixth and Eighth Amendments. However, this global claim of constitutional infirmity is wholly undeveloped. As the conclusory assertion of constitutional infirmity is not developed, the Court will not examine this claim.

## IV. CONCLUSION

For all of the reasons set forth above in this Opinion and Order, the Court concludes the Petitioner has failed to demonstrate that he was afforded ineffective assistance of counsel. Therefore,

IT IS HEREBY ORDERED that Petitioner Stephen Lee Bowers' § 2255 Motion to Vacate, Set Aside or Correct his Sentence be, and hereby is, DENIED.


Dated:  October 1, 2014         s/Gerald E. Rosen
                                Chief, Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 1, 2014, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5135

13